IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| M.S.L., | Civ. No. 6:25-cv-01204-AA |
|         Petitioner, | **ORDER** |
|    v. | |
| DREW BOSTOCK, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States, | |
|         Respondents. | |

AIKEN, District Judge.

      This habeas case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No 1.

Petitioner M.S.L. is a citizen of Mexico who fled Mexico because she experienced physical violence and emotional distress in her home country due to her gender identity. Petitioner entered the United States on or about February 25, 2024, and was released on her own recognizance. Petitioner alleges that a credible fear determination was made by the immigration authorities, and she was granted humanitarian parole. Petitioner had previously been removed from the United States, but that fact was known to the immigration authorities when they released her. Petitioner applied for asylum before U.S. immigration authorities on February 13, 2025, by filing a form I-589, Application for Asylum, Withholding of Removal, and protection under the CAT, and the application remains pending. Since entering the United States, Petitioner has abided by all demands and requirements imposed by the immigration authorities and has complied with all legal timelines for her immigration case. Petitioner was detained and arrested during a scheduled check-in with ICE in Eugene, Oregon. Petitioner affirms that she was present in Oregon at the time the Petition was filed.

Petitioner asks the Court to (a) assume jurisdiction over this matter; (b) order Respondents to appear before this Court and show cause why the Petition should not be granted within three days; (c) declare that Petitioner's re-detention without an individualized determination violates the Due Process Clause of the Fifth Amendment; (d) issue a writ of habeas corpus requiring Respondents to release Petitioner; (e) issue an order prohibiting Respondents from transferring Petitioner

from the District of Oregon without the Court's approval; and (f) grant such further relief as the Court deems just and proper.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of Court is directed to serve a copy of the Petition, ECF No. 1, upon Respondents and the Acting United States Attorney for the District of Oregon, William Narus (William.Narus@usdoj.gov).

2. Respondents shall, no later than July 14, 2025, at noon Pacific Daylight Time, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant

injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order.** Such notice must be filed in writing and on the docket in this proceeding. In addition, Respondents are further ordered to state in any such notice the exact date and time that Petitioner left the District

of Oregon and the reason why Respondents believed that such a move was immediately necessary.

It is so ORDERED and DATED this ___10th___ day of July 2025.

                                                /s/Ann Aiken
                                                ANN AIKEN
                                                United States District Judge